THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:06-cr-00031-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BRADLEY DALE WAYCASTER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Immediate Release [Doc. 49] and the Government's Motion to Dismiss Defendant's Motion for Immediate Release [Doc. 53].

**I.   BACKGROUND**

In June 2007, the Defendant Bradley Dale Waycaster was convicted of one count of possession with intent to distribute cocaine and methamphetamine and was sentenced to 262 months' imprisonment. [Doc. 25]. The Defendant is currently incarcerated at USP Atlanta, and his projected release date is August 17, 2025.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited Oct. 28, 2020).

On September 21, 2020, the Defendant filed the present motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 49]. In his motion, the Defendant seeks his immediate release due to the ongoing COVID-19 pandemic. [Id.]. The Government moves to dismiss the Defendant's motion based on the Defendant's failure to meet his burden of proving that he has exhausted his remedies with the BOP prior to filing his motion with this Court. [Doc. 53].

## II.   DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction.  Further, the Court of Appeals for the Fourth Circuit has held that a district court lacks the

2

Case 2:06-cr-00031-MR-WCM   Document 55   Filed 11/02/20   Page 2 of 7

authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2]

While some courts have waived the exhaustion requirement for compassionate release motion in light of the COVID-19 pandemic, see United States v. Feiling, No. 3:19cr112 (DJN), 2020 WL 1821457, at *4 (E.D. Va. Apr. 10, 2020) (collecting cases), other courts have been reluctant to grant such waivers. For example, the Third Circuit in United States v. Raia held that a prisoner's failure to exhaust all administrative remedies set forth in § 3582(c)(1)(A) warranted the denial of his motion for compassionate release. 954 F.3d 594, 597 (3d Cir. 2020). In so holding, the Third Circuit stated that it did not intend to minimize the risks that COVID-19 poses to the health of federal inmates. However, the Court noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

3

prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." Id.³  The Court went on to state as follows:

> Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP prioritize the use of its various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic, we anticipate that the statutory requirement will be speedily dispatched in cases like this one.

Id. (citation and internal quotation marks omitted).  Other courts, including district courts within the Fourth Circuit, have followed Raia's example and continued to require the full exhaustion of administrative remedies before considering motions for compassionate release related to the COVID-19 pandemic.  See United States v. Carver, 451 F. Supp. 3d 1198, 1199 (E.D. Wash. 2020); United States v. Smith, No. 3:16-cr-48 (MPS), 2020 WL 1903160, at *3 (D. Conn. Apr. 17, 2020); United States v. Meron, No. 2:18-cr-0209-KJM, 2020 WL 1873900, at *2 (E.D. Cal. Apr. 15, 2020); United States v. Hembry, No. 12-cr-00119-SI-1, 2020 WL 1821930, at *2 (N.D. Cal.

---

³ Citing Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp).

Apr. 10, 2020); Feiling, 2020 WL 1821457, at *5; United States v. Gillis, No. 14-cr-00712 SJO (1), 2020 WL 1846792, at *2 (C.D. Cal. Apr. 9, 2020); United States v. Perry, No. 18-cr-00480-PAB, 2020 WL 1676773, at *1 (D. Colo. Apr. 3, 2020); United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); United States v. Oliver, No. JKB-16-0485, 2020 WL 1505899, at *1 (D. Md. Mar. 30, 2020); United States v. Zywotko, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); United States v. Eberhart, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); United States v. Cohen, No. 19cr602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020); United States v. Gileno, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020). The Court agrees with Raia and the cases cited above and therefore joins these courts in holding that the mere existence of the COVID-19 pandemic and the Defendant's potential susceptibility to that illness does not render the exhaustion of administrative remedies futile.

Here, the Defendant has failed to demonstrate that he has exhausted his administrative remedies at BOP or that 30 days have passed since making a request for compassionate release. The Defendant admits in his motion that he has not filed or attempted to file an administrative request for release. [Doc. 49 at 4]. He contends that he been unable to file such a

5

request because he has been "held in multiple temporary locations since February" and that "the supervisor of each facility has no authority to process his request." [Id.]. He also asserts that he contracted COVID-19 and has been quarantined at the Atlanta USP since September 2, 2020. [Id.] The Defendant fails to provide proof of any of these claims. Even if these claims were true, however, the fact that BOP has moved him on several occasions would not relieve him of the obligation to file an administrative request. According to BOP records, the Defendant arrived at USP Atlanta on March 30, 2020, and he had not moved for nearly six months prior to filing his motion. [See Doc. 53-1]. The process of making an administrative request is relatively straightforward, and even being quarantined—which did not occur until September—would not deprive him of the opportunity to provide a written request to staff. Having failed to comply with the requirements of the statute, the Defendant's motion for compassionate release must be denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 53] is **GRANTED**, and the Defendant's Motion for Immediate Release [Doc. 49] is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the

lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.** Signed: October 31, 2020

Martin Reidinger
Chief United States District Judge