THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:06-cr-00031-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BRADLEY DALE WAYCASTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 66].[1]

**I.    BACKGROUND**

In June 2007, the Defendant Bradley Dale Waycaster was convicted of one count of possession with intent to distribute cocaine and methamphetamine and was sentenced to 262 months' imprisonment. [Doc. 25]. The Defendant is currently incarcerated at FCI Beckley, and his projected release date is August 31, 2025.[2]

---

[1] The Defendant is cautioned that, in the future, he must seek relief from the Court by way of a motion. Letters and other miscellaneous documents will not receive a response.

[2] See https://www.bop.gov/inmateloc/ (last visited Dec. 7, 2023).

On September 21, 2020, the Defendant filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the ongoing COVID-19 pandemic. [Doc. 49]. The Government moved to dismiss the Defendant's motion based on the Defendant's failure to meet his burden of proving that he has exhausted his remedies with the BOP prior to filing his motion with this Court. [Doc. 53]. On November 2, 2020, the Court granted the Government's motion and denied the Defendant's motion for compassionate release without prejudice. [Doc. 55].

In January 2021, the Defendant filed a second motion, renewing his request for a compassionate release due to the COVID-19 pandemic. [Doc. 60]. The Court denied this motion on January 19, 2021. [Doc. 63].

The Defendant now returns to this Court, again renewing his request for compassionate release, this time in light of the November 1, 2023 amendments to the Sentencing Guidelines. [Doc. 66].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

2

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant does not indicate in his letter whether he has exhausted his administrative rights with the BOP. Nevertheless, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion. The amended policy statement also sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a

3

reduction in sentence, including: (1) the defendant's medical condition, including a terminal illness or serious medical or physical condition that substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care; (2) the defendant's age, if the defendant at least 65 years old, is experiencing a serious deterioration in physical or mental health, and has served at least 10 years or 75 percent of his or her term of imprisonment; (3) certain family circumstances, such as the death or incapacitation of the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) where the defendant was a victim of abuse while in custody; (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(1)-(6).

Here, the Defendant seeks a reduction in sentence, citing: his age (56 years old); the length of time he has spent in prison (17 years); the fact that his father and mother are still alive and are both cancer survivors; the fact

that he is a non-violent drug offender who possessed a relatively small amount of controlled substances;[3] that he has a stable release plan; that he has a grown daughter and a grandchild that he would like to get to know; and that he knows "what [he has] to do to succeed in society." [Doc. 66 at 1-2]. However, none of these grounds, considered either singly or in combination, constitute extraordinary and compelling reasons for a reduction of his sentence. While the grounds cited reference the Defendant's age and his family members, his grounds do not satisfy the criteria set forth in U.S.S.G. § 1B1.13(b)(2) or (3). Although the Defendant is serving an unusually long sentence (262 months), he has not identified any change in the law that produces a gross disparity between the sentence he is serving and the sentence that would likely be imposed today. Further, while the Defendant's efforts to prepare himself for release are commendable, his rehabilitation alone cannot serve as an extraordinary and compelling for a sentence reduction. See U.S.S.C. § 1B1.13(d).

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence

---

[3] The Defendant was sentenced pursuant to his Career Offender designation, which was not then or presently contested.

reduction under § 3582(c)(A)(1)(i). Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 66].

**IT IS SO ORDERED.**

Signed: January 15, 2024

Martin Reidinger
Chief United States District Judge